SUSIE HEMMEN, Appellee, v. HARM HEMMEN, Appellant.

No. 43464.

JUNE 19, 1936.

John H. Meyers, for appellant.

F. J. McGreevy, for appellee.

ANDERSON, J.—The plaintiff and defendant were married on the 24th day of February, 1932, and lived together as husband and wife until the last of January, 1934. One child was born as a result of this union, in February, 1934. The plaintiff alleges in her petition that as early as July, following their marriage in February, 1932, the defendant began a course of treatment of and toward the plaintiff which was inhuman in the extreme. Such treatment consisting in the defendant representing and claiming to his wife that some one was in the house; that they were going to steal something, and in many instances he broke articles of furniture and disarranged the house pretending that some one else had done it; that the defendant stated and claimed things had been stolen from the house and buildings, and that on several occasions he found men around the premises and had gone out and fought them; he broke a watch and a gun and claimed to his wife that some burglar or unknown person had broken them; he took the keys out of the automobile and hid them and pretended to his wife that they had been taken by some robber. The defendant represented to his wife that harness and other articles of personal property were stolen and that burglars and robbers were continually around the premises; and later the articles which had disappeared from the premises were found in places in which he had hidden them. He would make these claims and pretensions in the presence of his wife and while other people were present, and such conduct greatly humiliated and frightened the plaintiff. The defendant was later arrested and admitted to the sheriff and other officers that he had done the things of which his wife complained, and that there was no truth in any of his claims or pretensions that burglars and robbers were frequenting the premises, and that he did the things to frighten his wife. The plaintiff further claims that such treatment and conduct on the part of the defendant, which he persisted in continually, wrecked the nerves and health of the plaintiff and endangered her life; that plaintiff was a

fragile woman; and that such treatment, during the time she was pregnant and before the child was born, permanently affected her health and endangered her life.

The testimony supports the allegations of the plaintiff's petition. The defendant offered no reason or excuse for his conduct toward and treatment of the plaintiff. A detailed statement of the evidence would serve no useful purpose. The honorable trial court who saw the witnesses and heard their testimony recited in his finding and decree that:

"In the opinion of the court, the cruelty exerted upon the plaintiff by the defendant was a rather extreme act of mental cruelty. * * * I would take it from the appearance of the plaintiff and from her actions that she is rather high spirited and of a somewhat nervous temperament although her one letter introduced in evidence tends to show some lack of education. During the trial, so far as the court could see, there was no act or look or word outside of his profession of love upon the witness stand that would indicate any feeling by the defendant of love or sympathy for the plaintiff or regret for his actions. As a matter of fact, the defendant seemed as devoid of feeling as any court has ever seen upon the witness stand. He showed no inclination to kindness or tenderness or any of the affection which a husband ought to show toward his wife. * * * He apparently started out to break the spirit and self-reliance of the plaintiff and to make her fearful of her own safety and make her absolutely a slave to him in every particular. * * * The plaintiff appears to be a highclass, intelligent young woman. The defendant's attitude, his lack of regret or remorse for his actions, indicates that there would be a continuation of the same conduct on his part as was exhibited during the last fifteen or sixteen months they lived together. The defendant appears to be the kind of a person who does not even sense the consideration which ought to be given by a husband to a girl like the plaintiff. To send her back to him would be the severest of legal cruelties."

We have carefully read the record and are of the opinion that the record amply supports the findings and judgment of the trial court. The trial court awarded a decree of divorce to the plaintiff and gave her the care and custody of the minor child and awarded alimony for the support of the child at ten dollars per month until the child reaches six years of age, and there-

after twenty dollars per month until the child reaches the age of sixteen years. It is our judgment that the decree of the trial court is equitable and right, and that it should be and hereby is affirmed.—Affirmed.

DONEGAN, C. J., and MITCHELL, STIGER, HAMILTON, KINTZINGER, RICHARDS, PARSONS, and ALBERT, JJ., concur.